EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FORSYTH COUNTY, GEORGIA
24CV-0012-3
Judge Philip C. Smith
JAN 04, 2024 03:52 PM
Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE SUPERIOR COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| CAMEKA WARE a/k/a<br>CAMEKA STREETER<br><br>Plaintiff,<br><br>v.<br><br>AARON DYE; WAL-MART STORES, INC.;<br>WAL-MART STORES EAST, LP<br>(DELAWARE); ABC CORP.s 1-3; and<br>JOHN DOES 1-3,<br><br>Defendants. | ) | CIVIL ACTION<br>FILE NO.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

The hospital admission paperwork has Plaintiff's name as Cameka Streeter. However, Plaintiff signed the discharge paperwork as Cameka Ware. Any reference to Plaintiff, Cameka Ware, or Cameka Streeter during this claim shall mean the same individual, Cameka Ware / Streeter. Since Plaintiff now goes by Cameka Ware, we will use this specifically throughout this case.

COMES NOW CAMEKA WARE, Plaintiff herein, and files her Amended Complaint against Defendants Aaron Dye, Wal-Mart Stores, Inc., Wal-Mart Stores East, LP (Delaware), ABC Corp. 1-3, and John Does 1-3, and shows this Honorable Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Cameka Ware is a resident of Silver Creek, Floyd County, Georgia.

2.

Upon information and belief, Defendant Aaron Dye, on the date of the subject incident, was the store manager of the subject Wal-Mart store located at 2510 Redmond Circle NW, Rome, Georgia, 30165. Aaron Dye may be served at his residence address, 481 Clearwater Street, Rockmart, Polk County, Georgia, 30153, or at 2510 Redmond Circle NW, Rome, Georgia.

3.

Upon information and belief, Defendant WAL-MART STORES, INC., (hereinafter Defendant Wal-Mart) is an Arkansas corporation doing business in the State of Georgia. Service of process may be perfected upon Wal-Mart by serving its registered agent, The Corporation Company, at the following address: 106 Colony Park Drive, Suite 800-B, Forsyth County, Cumming, Georgia 30040.

4.

Upon information and belief, Defendant WAL-MART STORES EAST, LP (DELAWARE) (hereinafter Defendant Wal-Mart Stores) is a Delaware company doing business in the State of Georgia. Service of process may be perfected upon Wal-Mart Stores by serving its registered agent, The Corporation Company, at the following address: 106 Colony Park Drive, Suite 800-B, Forsyth County, Cumming, Georgia, 30040.

5.

Based on the above, venue is proper in this Court.

6.

Defendants ABC Corp. 1-3, at all times relevant, were additional owners and/or operators and were responsible for the maintenance and safety of the grounds of the premises where Plaintiff Cameka Ware was injured on or about March 8, 2022, located at or near 2510 Redmond Circle

NW, Floyd County, Rome, Georgia, 30165. Defendants ABC Corp. 1-3 are subject to the jurisdiction and venue of this Court. Defendants ABC Corp. 1-3 will be named and served with the Summons and Complaint once their identities are revealed.

7.

Defendants John Does 1-3, at all times relevant, were additional owners, contractors and/or operators and were responsible for the maintenance and safety of the property where Plaintiff Cameka Ware was injured on or about March 8, 2022, located at or near 2510 Redmond Circle NW, Floyd County, Rome, Georgia 30165. Defendants John Doe 1-3 are subject to the jurisdiction and venue of this Court. Defendants John Doe 1-3 will be named and served with the Summons and Complaint once their identities are revealed.

**ALLEGATIONS**

8.

On or about March 8, 2022, Plaintiff Cameka Ware was lawfully on the premises owned and/or operated by Defendants. Plaintiff was an invitee at all times relevant.

9.

For an extended period of time, Defendants were negligent in failing to exercise ordinary care in protecting its invitees when they knowingly and negligently failed to maintain the premises in a safe fashion, specifically the floor mat at the entrance of the store.

10.

On or about March 8, 2022, Plaintiff Cameka Ware was walking into the Wal-Mart store located at 2510 Redmond Circle NW, Rome, Floyd County, Georgia, 30165. The floor mat/rug at the entrance in the building was raised, but Plaintiff did not see it, and tripped on the rug, fracturing her ankle and dislocating her pinky finger. Defendants' failure to maintain the premises in a safe

fashion, specifically the floor mat/rug at the entrance of the building, proximately caused Plaintiff's fall and subsequent injuries.

11.

The defect in said rug later appeared to have been present for a sufficient amount of time for discovery and fixing, as several store employees had also walked through the area of the floor mat/rug prior to Plaintiff's fall. At all times relevant, Defendants knew of the hazardous condition of the property where it is not only foreseeable, but actually known, that people will walk.

12.

Defendants were negligent in failing to exercise appropriate care in protecting others against the risks posed by the subject floor mat/rug. Defendants' actions and lack of action proximately caused injuries and damages to Plaintiff Cameka Ware.

13.

Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, LP (Delaware) are vicariously liable in this action for the negligence of Aaron Dye and any of its other employees whose negligence contributed to this incident.

14.

Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, LP (Delaware) are also liable in this action for negligently hiring and contracting with Aaron Dye to properly manage the store and train its employees to ensure that the premises were safe for invitees (such as cleaning up spills).

15.

Defendant Aaron Dye, manager of the subject Wal-Mart store, did not do, or cause to be done, reasonable inspections of the premises where Plaintiff fell. Defendant Aaron Dye was also

negligent in failing to properly hire, train, or supervise employees in proper procedures regarding identification and clean-up of hazards on the subject property.

16.

At all times relevant hereto, Plaintiff was without fault in the March 8, 2022 incident and was exercising ordinary care for her own safety at the time of the incident.

17.

At all times relevant, Defendants were one hundred percent (100%) at fault for the March 8, 2022 incident involving Plaintiff.

18.

Wal-Mart Stores East, LP (Delaware), at all times relevant, owned and was the proper entity responsible for the safety and maintenance of said premises of the Wal-Mart store located at 2510 Redmond Circle NW, Rome, Georgia 30165.

19.

Wal-Mart Stores, Inc., at all times relevant, owned and was the proper entity responsible for the safety and maintenance of said premises of the Wal-Mart store located at 2510 Redmond Circle NW, Rome, Georgia 30165.

**DAMAGES**

20.

As a direct and proximate result of Defendants' negligence and negligence per se, Plaintiff sustained special and general damages including, but not limited to, pain and suffering, lost wages and medical expenses.

21.

The damages claimed by Plaintiff were proximately caused by the tortious acts and

omissions of Defendants, and Defendants are liable for such damages.

22.

As a result of said injuries, Plaintiff has incurred medical expenses of at least $146,096.11, the exact amount which will be proven at trial.

23.

As a result of said injuries, Plaintiff has incurred lost wages, the exact amount to be proven at trial.

24.

As a result of said injuries, Plaintiff will continue to suffer and incur both general and special damages in the future, the exact amount to be proven at trial.

**WHEREFORE,** Plaintiff prays for the following relief:

(a) Summons and Complaint be served upon Defendants according to the law;

(b) Plaintiff recover from Defendants a sum of damages to compensate her for her injuries and damages, including, but not limited to, lost wages (past and future), medical expenses (past and future), and pain and suffering (past, present, and future), as aforesaid;

(c) Plaintiff be awarded prejudgment interest on her damages as allowed by law;

(d) Interest on the judgment be awarded at the legal rate from the date of judgment;

(e) All costs of this action be taxed against Defendants; and

(f) Plaintiff have any and all other relief the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial for each claim for which she has a right to a jury.

Respectfully submitted,

STEVEN M. BARNETT
GEORGIA STATE BAR NO.: 039256
*Attorney for Plaintiff, Cameka Ware*

Law Offices of Steven M. Barnett, P.C.
4343 Shallowford Road
Suite 570
Marietta, Georgia 30062
770.998.2102

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FORSYTH COUNTY, GEORGIA
24CV-0012-3
Judge Philip C. Smith
JAN 04, 2024 03:52 PM
Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE SUPERIOR COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| CAMEKA WARE a/k/a CAMEKA STREETER<br><br>Plaintiff,<br><br>v.<br><br>AARON DYE; WAL-MART STORES, INC.; WAL-MART STORES EAST, LP (DELAWARE); ABC CORP.s 1-3; and JOHN DOES 1-3,<br><br>Defendants. | ) | CIVIL ACTION FILE NO.:<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT AARON DYE**

Pursuant to O.C.G.A. § 9-11-26 and 9-11-33, PLAINTIFF CAMEKA WARE (hereinafter Plaintiff), by and through undersigned counsel, serves the following Interrogatories to Defendants. The interrogatories shall be answered under oath by Defendants within the time and in the manner prescribed by law and in accordance with the following instructions and definitions.

**DEFINITIONS**

1. As used herein, "Defendant," "you," or "your" shall mean Aaron Dye, his attorneys and agents, and all persons acting or purporting to act on his behalf.

2. As used herein, "Plaintiff" shall mean Cameka Ware, her attorney and agents, and all persons acting on her behalf.

3. As used herein, "person," "persons," and/or "people" shall mean any individual, business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity, and "individual" shall mean any person,

persons, people, business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity. The singular form of the word should be interpreted in plural and vice versa as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

4. As used herein, "company," "business," and/or "entity" shall mean any business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity.

5. Masculine pronouns shall not connote any particular gender but shall be taken to mean masculine, feminine or neuter gender, as the case may be.

6. As used herein, "date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best available approximation (including relationship to other events).

7. As used herein, "data" shall mean any document and/or any oral communication of which Defendant has knowledge.

8. As used herein, the term "communication," including its various forms such as "communicated with," refers to any exchange or transfer of information between two or more persons, whether written, oral, or in any other form.

9. As used herein, the terms "each," "any," "every," and "all" should be interpreted in the most expansive way possible as necessary to bring within the scope of this request any and all information which might otherwise be construed to be outside of the scope. The singular form of the word should be interpreted in plural and vice versa as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the

scope.

10. As used herein, the term "relate to," including its various forms such as "relating to," shall mean consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed.

11. As used herein, "document," "report," and/or "record" shall mean every writing or record of every type and/or description, including, without limitation, correspondence, memoranda, tapes, e-mail, e-mail records, stenographic recordings, typed and/or handwritten notes, studies, publications, books, pamphlets, pictures, films, microfilms, microfiches, voice recordings, maps, reports, surveys, minutes, statistical compilations, and/or any other record or item that provides information and/or a record of information as well as every copy of such writing and/or record where the original is not in the possession, custody, or control of Defendant, and every copy of every such writing and/or record where such copy is not an identical copy of an original or where such copy contains any commentary and/or notation whatsoever that does not appear on the original.

12. As used herein, "documents relating to" shall mean all documents containing, evidencing, constituting, showing, relating, or referring in any way, directly or indirectly, to; and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

**Special Definition**

In answering these Interrogatories, you are advised of the following definition:

a. "Incident" and "incident in question" refer to the incident which occurred on March 8, 2022, and which is more fully described with particularity in Plaintiff's Complaint.

**INSTRUCTIONS**

1. If you object to a part of any interrogatory and refuse to answer that part, state your specific objection(s) and answer the remaining portion of that interrogatory. If you object to the scope or time period of a request and refuse to answer for that time period, state your specific objection(s) and answer the interrogatory for the scope and time period you believe is appropriate.

2. If any of the interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions.

3. If your response is qualified in any particular, please set forth the details of such qualifications.

4. With respect to any interrogatories that call for the description of the contents of a document or ask that documents be identified, you may, in lieu of answering the interrogatory, attach such document, or copies thereof, to your answers, specifying the exact interrogatory to which each such document relates.

5. Responses to these interrogatories contained hereinafter shall be supplemented and amended as required by law.

**INTERROGATORIES**

1.

Please identify each and every person, entity, or business, whether or not an agent, servant, employee, independent contractor, private investigator, claims adjuster, or other representative in any capacity, who participated in any way in any examination, investigation or review conducted

by you, on your behalf, or on behalf of any other, or to your knowledge, regarding the slip and fall incident in question, the area in question, or the claims set forth in Plaintiff's Complaint. Please include the date and time of the examination, investigation(s) or review, full name of each participant, present or last known residence address, present or last known employment or business address (including the name of the business and the position held), and the present or last known business and residence telephone numbers of each person identified. Also, please identify all documents evidencing, referencing, or relating thereto.

2.

Does Defendant allege that the investigation referenced in the above interrogatory was undertaken in anticipation of litigation? If so, please state the facts which support your allegation.

3.

Please identify all persons who were employed at or by Defendant(s) at the subject location for any period of time during the period commencing January 1, 2022 through December 31, 2022. Please include the full name, present or last known residence address, present or last known employment or business address (including the name of the business and the position held), and the present or last known business and residence telephone numbers of each person identified.

4.

State the factual basis of each defense alleged by you in the Answer filed in this lawsuit.

5.

Pursuant to the provisions of O.C.G.A. § 9-11-26(b)(4)(A)(I), Defendants are requested to identify each person whom Defendants expect to call as an expert witness at trial, state the subject matter on which such expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds of each opinion.

6.

If you have retained or employed an expert in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, please identify and state specifically the name and address of each such expert.

7.

Identify each insurance company or self-insurance plan, including excess carriers and umbrella coverages, which might be liable to satisfy all or part of any judgment which may be entered in this action, and for each insurer give the name and address of the company, limits of liability coverage, policy number, and the name of the insured(s).

8.

Please describe in full and precise detail Defendants' actions taken in response to the incident at issue including, but not limited to, touching, moving and/or repositioning the rug in question in any manner, the response to Plaintiff's injuries, and any assistance any Defendant(s) provided to Plaintiff.

9.

If any defect or code violation was ever found on any part of the premises in question, please identify the defect or code violation and state if, how and when the defect or violation was repaired.

10.

State the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to you who were at the scene, claimed to have seen all or any part of the incident, or arrived at the scene of the incident complained of in this action immediately or shortly after its occurrence.

11.

State the names, addresses, home telephone numbers, places of employment, and present whereabouts of all persons known to you who have any knowledge of relevant information, facts, or circumstances in this action.

12.

Identify all persons who have furnished statements, whether recorded or written, signed or unsigned, to you, your representatives, your insurance company, or attorney that in any way relate to the subject incident.

13.

State the substance of every utterance made by everyone at or near the scene of the incident and identify the speaker by name, if known, or by any other facts which might lead to the discovery of the speaker's identity.

14.

For the period of January 1, 2022 through the present, was any other entity (property management company, governmental agency, etc.) or person responsible for the safety, care, inspection, or maintenance of the Wal-Mart store premises located at 2510 Redmond Circle NW, Rome, Georgia, 30165, specifically the area where Plaintiff fell on March 8, 2022? If so, give the full legal name of said entity or person, the registered agent (including address), and current contact information.

15.

State in detail your version of how the subject incident occurred, including what you did to warn or to protect Plaintiff from any known problems that may have been present with the premises at issue in the instant case such as, but not limited to, oral or written warnings, caution

signs, or barriers.

16.

Do you believe Plaintiff had any fault or in any way contributed to the injuries she sustained on March 8, 2022? Identify every act by which you claim Plaintiff unreasonably exposed herself to a foreseeable risk of injury.

17.

Please explain in detail any knowledge you have regarding Plaintiff's injuries including, but not limited to, a full description of her injuries, the cause of her injuries, and the source of your knowledge of Plaintiff's injuries.

18.

Please identify each and every person who has been injured or claims to have been injured on the premises of the subject location from January 1, 2021 to the date of your responses to these interrogatories. Please include the full name, present or last known residence address, present or last known employment or business address (including the name of the business and the position held), and the present or last known business and residence telephone numbers of each person identified. In addition, please state how each injury occurred and describe the nature and extent of each injury.

19.

Please identify each and every individual who, to your knowledge, claims to have knowledge of any person being injured, from January 1, 2021 to the date of your responses to these interrogatories, at the subject location at issue in the instant case. Please include the full name, present or last known residence address, present or last known employment or business address (including the name of the business and the position held), and the present or last known business

and residence telephone numbers of each person identified.

20.

Identify each and every person who prepared, provided information, or assisted in the preparation of the responses to these Interrogatories. Please include the full name, present or last known residence address, present or last known employment or business address (including the name of the business and the position held), and the present or last known business and residence telephone numbers of each person identified.

21.

If Defendant(s) has/have ever been charged with the violation of any health and/or safety law, statute, ordinance or code relating to the operation, maintenance or structures of the subject location, please identify each such charge, including the offense, the date, and the identity of the agency or organization by which you were charged, and the disposition of each such charge.

22.

Please state whether you have any medical records or other medical documentation referencing or mentioning Plaintiff for any dates of service prior to the incident complained of herein. If so, identify each provider and each date of service.

23.

Which officer from Defendants' corporation(s) is most familiar with the maintenance necessary at the subject premises? Please provide name and contact information for this person(s).

24.

What actions did Defendants take to alter the rug's condition or location after Plaintiff's fall? Describe each such action or inaction; and identify each person responsible for each action and inaction.

25.

When were you first put on notice of Plaintiff's injuries? Describe in what form, from whom and to whom said notice was provided.

26.

Has anyone on behalf of Defendant contacted or attempted to contact Plaintiff since March 8, 2022? If so, describe the details of each such contact. If any documents exist either from Plaintiff or to Plaintiff regarding any such attempt to contact, please identify each such document.

27.

Has any Defendant offered to pay for any of Plaintiff's related medical bills as of the date of the certificate of service on these interrogatories? If not, why not?

28.

Were there any photographs, depictions or video of Plaintiff's incident at any time? If so, when was each taken, by whom, and where is each presently? If photographs, depictions or video do exist, identify the current location, identify the person(s) who has control over each such item, and identify each video, photograph or other depiction which was preserved. Also, state whether each has been modified, altered, damaged or otherwise negatively affected in any way since its initial recording? If so, describe how each has changed since its initial recording. IF ANY VIDEO, PHOTOGRAPHS OR OTHER DEPICTION OF THE INCIDENT CURRENTLY EXIST, YOU ARE REQUIRED TO PRESERVE EACH VIDEO, PHOTOGRAPH OR OTHER DEPICTION IN ITS ORIGINAL FORM UNTIL THE COMPLETION OF ALL LITIGATION RELATED TO THE MARCH 8, 2022 INCIDENT. If any video, photograph, or depictions of the Marach 8, 2022 incident have been lost or otherwise destroyed, please identify all such video, photographs or depictions describing when and how each was lost or destroyed and the person who authorized the

destruction or loss.

29.

Please identify the legal entities, including the state of incorporation, registered agent and the on-site manager for any management company overseeing the subject property on or about Marach 8, 2022.

30.

Do you contend that a proper party in this case was not included in the style of this case? If so, state each and every fact upon which you base such a contention and state the identity of the unnamed proper party(ies).

31.

Please identify all persons and entities responsible, on or about March 8, 2022, for the maintenance, safety, and/or upkeeping of the Wal-Mart store premises located at 2510 Redmond Circle NW, Rome, Georgia, 30165.

32.

Please identify all persons and entities that had any ownership interest in the subject property on or about March 8, 2022. For each such person or entity, state their respective ownership interest in the subject property for this time period.

33.

Please identify all documents which purport to allocate or assign responsibility for the safety, maintenance or upkeeping of the subject premises where Plaintiff was injured on March 8, 2022.

34.

Please identify each and every document, including, but not limited to, handbooks and/or

training videos, which relates to any policy, procedure, custom, and/or practice for the discovery, identification, repair, maintenance, and/or warning of hazardous or dangerous conditions, such as slippery stairs, poor lighting, rugs laying improperly, or the like, at the location at issue.

35.

Please identify every training course taken by employees of the subject location relating to the inspection and maintenance of the Wal-Mart premises. Please include the name of the course, the length of the course, the requirements for the course, the location and date(s) of the course, the diplomas, licenses, or certificates received upon completion of the course, and the names of the instructor(s) of the course.

This ____ day of January, 2024.

Respectfully submitted,

Steven M. Barnett
Georgia Bar No.: 039256
*Attorney for Plaintiff,*
*Cameka Ware*

Law Offices of Steven M. Barnett, P.C.
4343 Shallowford Road
Suite 570
Marietta, Georgia 30062
770.998.2102

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FORSYTH COUNTY, GEORGIA
24CV-0012-3
Judge Philip C. Smith
JAN 04, 2024 03:52 PM
Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE SUPERIOR COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| CAMEKA WARE a/k/a<br>CAMEKA STREETER<br><br>Plaintiff,<br><br>v.<br><br>AARON DYE; WAL-MART STORES, INC.;<br>WAL-MART STORES EAST, LP<br>(DELAWARE); ABC CORP.s 1-3; and<br>JOHN DOES 1-3,<br><br>Defendants. | ) | CIVIL ACTION<br>FILE NO.:<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AARON DYE**

Pursuant to O.C.G.A. § 9-11-26 and 9-11-34, Plaintiff Cameka Ware (hereinafter "Plaintiff"), by and through undersigned counsel, serves the following Request for Production of Documents to Defendant Aaron Dye (hereinafter "Defendant"), the responses to be served upon the undersigned attorney within the time and in the manner prescribed by law and in accordance with the following instructions and definitions. Each of the following requests is continuing in the manner provided by law.

**I. DEFINITIONS**

1. As used herein, "Defendant," "you," or "your" shall mean Aaron Dye, his attorneys and agents, and all persons acting or purporting to act on his behalf.

2. As used herein, "Plaintiff" shall mean Cameka Ware, her attorney and agents, and all persons acting on her behalf.

3. As used herein, "person," "persons," and/or "people" shall mean any individual,

business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity, and "individual" shall mean any person, persons, people, business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity. The singular form of the word should be interpreted in plural and vice versa as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

4. As used herein, "company," "business," and/or "entity" shall mean any business, company, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity.

5. Masculine pronouns shall not connote any particular gender but shall be taken to mean masculine, feminine or neuter gender, as the case may be.

6. As used herein, "date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best available approximation (including relationship to other events).

7. As used herein, "data" shall mean any document and/or any oral communication of which Defendant has knowledge.

8. As used herein, the term "communication," including its various forms such as "communicated with," refers to any exchange or transfer of information between two or more persons, whether written, oral, or in any other form.

9. As used herein, the terms "each," "any," "every," and "all" should be interpreted in the most expansive way possible as necessary to bring within the scope of this request any and all information which might otherwise be construed to be outside of the scope. The singular form of the word should be interpreted in plural and vice versa as necessary to bring within the

scope of this request any information which might otherwise be construed to be outside of the scope. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

10. As used herein, the term "relate to," including its various forms such as "relating to," shall mean consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed.

11. As used herein, "document," "report," and/or "record" shall mean every writing or record of every type and/or description, including, without limitation, correspondence, memoranda, tapes, e-mail, e-mail records, stenographic recordings, typed and/or handwritten notes, studies, publications, books, pamphlets, pictures, films, microfilms, microfiches, voice recordings, maps, reports, surveys, minutes, statistical compilations, and/or any other record or item that provides information and/or a record of information as well as every copy of such writing and/or record where the original is not in the possession, custody, or control of Defendant, and every copy of every such writing and/or record where such copy is not an identical copy of an original or where such copy contains any commentary and/or notation whatsoever that does not appear on the original.

12. As used herein, "documents relating to" shall mean all documents containing, evidencing, constituting, showing, relating, or referring in any way, directly or indirectly, to; and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

## II. INSTRUCTIONS

1. If you object to part of a request and refuse to answer that part, state your specific objection(s) and answer the remaining portion of that request. If you object to the scope or time period of a request and refuse to answer for that scope or time period, state your specific objection(s) and answer the request for the scope or time period you believe is appropriate.

2. If any of the following requests cannot be answered in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions.

3. If your answer is qualified in any particular, please set forth the details of such qualification.

4. With respect to each document that you contend is privileged or otherwise excludable from discovery, state the basis for the privilege or the ground for exclusion, the name and address of the author and addressee, the date, the general subject matter (providing sufficient detail so that the Court may rule on your claim of privilege), the name and address of any recipient of copies of the document, the name and address of the person who now has the original and any copies of the document, the number of pages of such document, and the location of the files where the original and each copy are normally kept.

5. If you know of the existence, past or present, of any documents described or requested below, but are unable to produce such documents because they are not presently in your possession, custody or control, so state and identify such documents and the person who has possession, custody or control of such documents.

6. Where an identified document is destroyed or alleged to have been destroyed, state the reason for its destruction, identify each person having any knowledge of its destruction, and identify each person responsible for its destruction.

7. Where responsive documents, including, but not limited to, photographs and/or videos, were originally created in digital form, please provide said documents, including, but not limited to, photographs and/or videos, in their full and original resolution.

8. As to each document produced in response hereto, identify the request in response to which the document is being produced.

9. Responses to the requests for production of documents contained hereinafter shall be supplemented and amended as required by law.

## III. REQUESTS FOR PRODUCTION

1.

Please produce, as instructed above, each and every document and report relating to the subject incident, including each and every document and report that was prepared by you or on your behalf.

2.

Please produce, as instructed above, each and every photograph, video, diagram, sketch, transparency, and/or drawing of any person, party, scene, or any other object or thing which relates to the incident that is the subject of the Complaint in this action.

3.

Please produce, as instructed above, each and every written or recorded statement made by any witness, party, employee or other person having relevant information or knowledge of any fact or circumstance in this action.

4.

Please produce, as instructed above, all medical records and bills in your possession that in any way reference Plaintiff.

5.

Please produce, as instructed above, each and every document sent to and received by any representative of Defendant pursuant to any request for information or any non-party request for production of documents.

6.

Please produce, as instructed above, all documents and materials, including movies, videos, and photographs, relating to all images (still and/or video) captured of Plaintiff Cameka Ware.

7.

Please produce, as instructed above, all video of the subject location on the date of the subject incident.

8.

Please produce, as instructed above, each and every document relating to all reports, whether written or otherwise recorded, made by any expert who has been retained or otherwise employed by you and who is expected to testify at trial.

9.

Please produce, as instructed above, a copy of each and every insurance agreement, contract, policy, or self-insurance plan under which creates liability to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including, but not limited to, any liability insurance or self-insurance policy covering you or the location at which the subject incident occurred.

10.

Please produce, as instructed above, copies of all declaration pages of every insurance or self-insurance policy identified by this Defendant in response to Plaintiff's Interrogatories, and a copy of any reservation of rights letter or instrument of any other kind which in any way purports to reserve the rights of any insurer to contest the issue of providing defense or coverage for the claims made in Plaintiff's Complaint.

11.

Please produce, as instructed above, each and every written statement and/or report which was made by any person who has investigated any aspect of this case.

12.

Please produce, as instructed above, each and every document of any kind in your possession, custody and/or control which refers to, relates to, confirms, or denies Plaintiff's claims for damages in this action.

13.

Please produce, as instructed above, each and every document of any kind in your possession, custody, and/or control which denies Plaintiff's claims that your negligence and/or the negligence of any defendant was a proximate cause of Plaintiff's injuries.

14.

Please produce, as instructed above, each and every document and item of correspondence, memoranda, and other written, printed, computerized, or other tangible material relating to injuries caused or allegedly caused by any condition of the subject location to any customer, agent, employee, tenant, invitee or other person from January 1, 2020, until the date of your responses to these Requests for Production of Documents.

15.

Please produce, as instructed above, all correspondence sent to and received from any physician or other health care worker that has seen or treated Plaintiff.

16.

Please produce, as instructed above, all pictures and/or video of the subject rug/mat both before and after Plaintiff's incident.

17.

Please produce, as instructed above, each and every document relating to any training materials, courses, classes, videos, seminars, or any other type of sessions in which defendant(s) or anyone acting on their behalf were instructed on proper care and maintenance of Wal-Mart stores.

18.

Please produce, as instructed above, all documentation from each and every meeting or discussion relating to proper care and maintenance of Wal-Mart, specifically, but not limited to the subject rug/mat, from ninety (90) days prior up to the time of your response to this request.

19.

Please produce, as instructed above, each and every document relating to any fact or circumstance that supports, contradicts, or evidences your defenses against Plaintiff's claim.

20.

Please produce, as instructed above, copies of all records concerning telephone calls or correspondence to and/or from Plaintiff regarding her subject injury.

21.

Please produce, as instructed above, each and every document in your possession, custody, and/or control which denies Plaintiff's injuries were the result of your negligence.

22.

Please produce, as instructed above, each and every document in your possession, custody, and/or control which denies or confirms Plaintiff's claim that you are responsible for the proper maintenance and safety of the Wal-Mart store located at 2510 Redmond Circle NW, Rome, Floyd County, Georgia, 30165.

23.

Please produce, as instructed above, each and every document relating to any training materials, courses, classes, videos, seminars, or any other type of sessions in which any

defendant, or representative thereof, was instructed on how to inspect and maintain the subject rug/mat.

24.

Please produce, as instructed above, each and every document of any kind identified, reviewed or referenced in propounding your responses to Plaintiff's First Interrogatories to Defendants.

25.

Please produce, as instructed above, each and every document, regarding injuries on Wal-Mart property, that was given to employees working at the Wal-Mart store in which Plaintiff was injured.

This ___ day of January, 2024.

Respectfully submitted,

Steven M. Barnett, Esq.
Georgia State Bar No. 039256
*Attorney for Plaintiff,*
*Cameka Ware*

Law Office of Steven M. Barnett, P.C.
4343 Shallowford Road
Suite 570
Marietta, Georgia 30062
(770) 998-2102 phone
(770) 998-2402 fax
smb@sbarnettlaw.com

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FORSYTH COUNTY, GEORGIA
24CV-0012-3
Judge Philip C. Smith
JAN 04, 2024 03:52 PM
Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE SUPERIOR COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| CAMEKA WARE a/k/a<br>CAMEKA STREETER<br><br>Plaintiff,<br><br>v.<br><br>AARON DYE; WAL-MART STORES, INC.;<br>WAL-MART STORES EAST, LP<br>(DELAWARE); ABC CORP.s 1-3; and<br>JOHN DOES 1-3,<br><br>Defendants. | ) | CIVIL ACTION<br>FILE NO.:<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS WAL-MART STORES, INC., AND WAL-MART STORES EAST, LP**

Pursuant to O.C.G.A. § 9-11-26 and §9-11-33, PLAINTIFF Cameka Ware (hereinafter Plaintiff), by and through undersigned counsel, serves the following Interrogatories to Defendants Wal-Mart Stores, Inc., and Wal-Mart Stores East, LP. The interrogatories shall be answered under oath by Defendants within the time and in the manner prescribed by law and in accordance with the following instructions and definitions.

**DEFINITIONS**

1. As used herein, Defendant, you, your, or its shall mean individually each Defendant listed in the above style any and all predecessor entities of Defendant, its attorneys and agents, and all persons acting or purporting to act on its behalf.

2. As used herein, Plaintiff shall mean Cameka Ware, her attorney and agents, and all persons acting or purporting to act on her behalf.

3. As used herein, person shall mean any individual, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity.

4. As used herein, date shall mean the exact day, month, and year if ascertainable, or, if not, the best available approximation (including relationship to other events).

5. As used herein, data shall mean any document (as defined herein) or any oral communication of which Defendant has knowledge.

6. As used herein, the term communication, including its various forms such as communicated with, refers to any exchange or transfer, known to Defendant, of information between two or more persons, whether written, oral, or in any other form.

7. As used herein, the terms each and any include both each and every whenever appropriate, the singular form of the word should be interpreted in plural and vice versa. And as well as or shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

8. As used herein, the term relate to, including its various forms such as relating to, shall mean: consist of, refer to, regard, reflect or be in any way logically or factually connected with the matter discussed.

9. As used herein, document shall mean, but without limitation, every writing or record of every type and description that is or has been in the possession, control, or custody of Defendants or of which Defendants have knowledge, including, without limitation, correspondence, memoranda, tapes, stenographic or handwritten notes, electronic records, e-mail, studies, publications, books, pamphlets, pictures, films, microfilms, microfiches, voice recordings, maps, reports, surveys, minutes, or statistical compilations, every copy of such writing or record where the original is not in the possession, custody, or control of Defendants, and every copy of every such writing or record where such copy is not an identical copy of an original or where such

copy contains any commentary or notation whatsoever that does not appear on the original.

10. As used herein, documents relating to shall mean documents containing, evidencing, constituting, showing or relating or referring in any way, directly or indirectly, to, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

11. As used herein, identify, when used in reference to <u>an individual</u>, shall mean to state his or her full name, present or last known residence address, present or last known position or business affiliation (designating which), job title, employment address, and present or last known business and residence telephone numbers.

12. As used herein, identify, when used in reference to <u>a firm, partnership, joint venture, corporation, proprietorship, association, or other organization or entity</u>, shall mean to state its full name and present or last known address and telephone number.

13. As used herein, identify, when used in reference to <u>documents</u>, shall mean: (1) to state the name and date of the document, the date that document was prepared, the date that document was sent, the number of pages comprising that document, the name and address of the person originating the document, the name and address of the person, if any, to whom the document is addressed, the names and addresses of all persons to whom copies of the document were or have been sent, the firm or firms with which all such persons were connected, and a brief description of the subject matter of the document; and (b) to state whether or not you are in possession of the original, master or a copy of the document, and, if not in possession of the original, master, or a copy, furnish the name and address of the custodian of the original, master, or a copy. In lieu of identifying any document(s), you may make the document(s) available for inspection and copying by so stating in your response to these Interrogatories.

14. As used herein, identify, when used in reference to an oral statement or communication, shall mean to state the date, the subject matter, the persons initiating and receiving the communication, the nature of the communication, whether it was recorded, and the identity of anyone who witnessed the communication.

15. As used herein, the term identify when used in reference to an act, event, or course of conduct, shall mean to provide the date and a complete description of the act, event, or course of conduct, and identify the person(s) who took part in the act, event, or conduct.

**Special Definition**

In answering these Interrogatories you are advised of the following definition:

a. "Incident" and "incident in question" refer to the incident which occurred on March 8, 2022, and which is more fully described with particularity in Plaintiff's Complaint.

## INSTRUCTIONS

1. If you object to a part of any interrogatory and refuse to answer that part, state your specific objection(s) and answer the remaining portion of that interrogatory. If you object to the scope or time period of a request and refuse to answer for that time period, state your specific objection(s) and answer the interrogatory for the scope and time period you believe is appropriate.

2. If any of the interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions.

3. If your response is qualified in any particular, please set forth the details of such qualifications.

4. With respect to any interrogatories that call for the description of the contents of a

document or ask that documents be identified, you may, in lieu of answering the interrogatory, attach such document, or copies thereof, to your answers, specifying the exact interrogatory to which each such document relates.

5. Responses to these interrogatories contained hereinafter shall be supplemented and amended as required by law.

## INTERROGATORIES

1.

Please identify each and every person, entity, or business, whether or not an agent, servant, employee, independent contractor, private investigator, claims adjuster, or other representative in any capacity, who participated in any way in any examination, investigation or review conducted by you, on your behalf, or on behalf of any other, or to your knowledge, regarding the slip and fall incident in question, the area in question, or the claims set forth in Plaintiff's Complaint. Please include the date and time of the examination, investigation(s) or review, full name of each participant, present or last known residence address, present or last known employment or business address (including the name of the business and the position held), and the present or last known business and residence telephone numbers of each person identified. Also, please identify all documents evidencing, referencing, or relating thereto.

2.

Do Defendants allege that the investigation referenced in the above interrogatory was undertaken in anticipation of litigation? If so, please state the facts which support your allegation.

3.

Please identify all persons who were employed at or by Defendants at the subject location for any period of time during the period commencing January 1, 2022 through December 31, 2022.

Please include the full name, present or last known residence address, present or last known employment or business address (including the name of the business and the position held), and the present or last known business and residence telephone numbers of each person identified.

4.

State the factual basis of each defense alleged by you in the Answer filed in this lawsuit.

5.

Pursuant to the provisions of O.C.G.A. § 9-11-26(b)(4)(A)(I), Defendants are requested to identify each person whom Defendants expect to call as an expert witness at trial, state the subject matter on which such expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds of each opinion.

6.

If you have retained or employed an expert in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, please identify and state specifically the name and address of each such expert.

7.

Identify each insurance company or self-insurance plan, including excess carriers and umbrella coverages, which might be liable to satisfy all or part of any judgment which may be entered in this action, and for each insurer give the name and address of the company, limits of liability coverage, policy number, and the name of the insured(s).

8.

Please describe in full and precise detail Defendants' actions taken in response to the incident at issue including, but not limited to, touching, moving and/or repositioning the rug in question in any manner, the response to Plaintiff's injuries, and any assistance any Defendant(s)

provided to Plaintiff.

9.

If any defect or code violation was ever found on any part of the premises in question, please identify the defect or code violation and state if, how and when the defect or violation was repaired.

10.

State the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to you who were at the scene, claimed to have seen all or any part of the incident, or arrived at the scene of the incident complained of in this action immediately or shortly after its occurrence.

11.

State the names, addresses, home telephone numbers, places of employment, and present whereabouts of all persons known to you who have any knowledge of relevant information, facts, or circumstances in this action.

12.

Identify all persons who have furnished statements, whether recorded or written, signed or unsigned, to you, your representatives, your insurance company, or attorney that in any way relate to the subject incident.

13.

State the substance of every utterance made by everyone at or near the scene of the incident and identify the speaker by name, if known, or by any other facts which might lead to the discovery of the speaker's identity.

14.

For the period of January 1, 2020 through the present, was any other entity (property management company, governmental agency, etc.) or person responsible for the safety, care, inspection, or maintenance of the Wal-Mart store premises located at 2510 Redmond Circle NW, Rome, Georgia 30165, specifically the front entrance of the store? If so, give the full legal name of said entity or person, the registered agent (including address), and current contact information.

15.

State in detail your version of how the subject incident occurred, including what you did to warn or to protect Plaintiff from any known problems that may have been present with the premises at issue in the instant case such as, but not limited to, oral or written warnings, caution signs, or barriers.

16.

Do you believe Plaintiff had any fault or in any way contributed to the injuries she sustained on March 8, 2022? Identify every act by which you claim Plaintiff unreasonably exposed herself to a foreseeable risk of injury.

17.

Please explain in detail any knowledge you have regarding Plaintiff's injuries including, but not limited to, a full description of her injuries, the cause of her injuries, and the source of your knowledge of Plaintiff's injuries.

18.

Please identify each and every person who has been injured or claims to have been injured on the premises of the subject location from January 1, 2020 to the date of your responses to these interrogatories. Please include the full name, present or last known residence address, present or

last known employment or business address (including the name of the business and the position held), and the present or last known business and residence telephone numbers of each person identified. In addition, please state how each injury occurred and describe the nature and extent of each injury.

19.

Please identify each and every individual who, to your knowledge, claims to have knowledge of any person being injured, from January 1, 2020 to the date of your responses to these interrogatories, at the subject location at issue in the instant case. Please include the full name, present or last known residence address, present or last known employment or business address (including the name of the business and the position held), and the present or last known business and residence telephone numbers of each person identified.

20.

Identify each and every person who prepared, provided information, or assisted in the preparation of the responses to these Interrogatories. Please include the full name, present or last known residence address, present or last known employment or business address (including the name of the business and the position held), and the present or last known business and residence telephone numbers of each person identified.

21.

If Defendant(s) has/have ever been charged with the violation of <u>any</u> health and/or safety law, statute, ordinance or code relating to the operation, maintenance or structures of the subject location, please identify each such charge, including the offense, the date, and the identity of the agency or organization by which you were charged, and the disposition of each such charge.

22.

Please state whether you have any medical records or other medical documentation referencing or mentioning Plaintiff for any dates of service prior to the incident complained of herein. If so, identify each provider and each date of service.

23.

Which officer from Defendants' corporation(s) is most familiar with the maintenance necessary at the subject premises? Please provide name and contact information for this person(s).

24.

What actions did Defendants take to alter the rug's condition or location after Plaintiff's fall? Describe each such action or inaction; and identify each person responsible for each action and inaction.

25.

When were you first put on notice of Plaintiff's injuries? Describe in what form, from whom and to whom said notice was provided.

26.

Has anyone on behalf of Defendant contacted or attempted to contact Plaintiff since March 8, 2022? If so, describe the details of each such contact. If any documents exist either from Plaintiff or to Plaintiff, please identify each such document.

27.

Has any Defendant offered to pay for any of Plaintiff's related medical bills as of the date of the certificate of service on these interrogatories? If not, why not?

28.

Were there any photographs, depictions or video of Plaintiff's incident at any time? If so,

when was each taken, by whom, and where is each presently? If photographs, depictions or video do exist, identify the current location, identify the person(s) who has control over each such item, and identify each video, photograph or other depiction which was preserved. Also, state whether each has been modified, altered, damaged or otherwise negatively affected in any way since its initial recording? If so, describe how each has changed since its initial recording. IF ANY VIDEO, PHOTOGRAPHS OR OTHER DEPICTION OF THE INCIDENT CURRENTLY EXIST, YOU ARE REQUIRED TO PRESERVE EACH VIDEO, PHOTOGRAPH OR OTHER DEPICTION IN ITS ORIGINAL FORM UNTIL THE COMPLETION OF ALL LITIGATION RELATED TO THE March 8, 2022 INCIDENT. If any video, photograph, or depictions of the March 8, 2022 incident have been lost or otherwise destroyed, please identify all such video, photographs or depictions describing when and how each was lost or destroyed and the person who authorized the destruction or loss.

29.

Please identify the legal entities, including the state of incorporation, registered agent and the on-site manager for any management company overseeing the subject property on or about March 8, 2022.

30.

Do you contend that a proper party in this case was not included in the style of this case? If so, state each and every fact upon which you base such a contention and state the identity of the unnamed proper party(ies).

31.

Please identify all persons and entities responsible, on or about March 8, 2022, for the maintenance, safety, or upkeeping of the Wal-Mart store premises located at 2510 Redmond Circle

NW, Rome, Georgia, 30165.

32.

Please identify all persons and entities that had any ownership interest in the subject property on or about March 8, 2022. For each such person or entity, state their respective ownership interest in the subject property for this time period.

33.

Please identify all documents which purport to allocate or assign responsibility for the safety, maintenance or upkeeping of the subject premises where Plaintiff was injured on March 8, 2022.

34.

Please identify each and every document, including, but not limited to, handbooks and/or training videos, which relates to any policy, procedure, custom, and/or practice for the discovery, identification, repair, maintenance, and/or warning of hazardous or dangerous conditions, such as slippery stairs, poor lighting or the like, at the location at issue.

35.

Please identify every training course taken by employees of the subject location relating to the inspection and maintenance of the Wal-Mart premises. Please include the name of the course, the length of the course, the requirements for the course, the location and date(s) of the course, the diplomas, licenses, or certificates received upon completion of the course, and the names of the instructor(s) of the course.

This ____ day of January, 2024.

Respectfully submitted,

Steven M. Barnett
Georgia Bar No.: 039256
*Attorney for Plaintiff,*
*Cameka Ware*

Law Offices of Steven M. Barnett, P.C.
4343 Shallowford Road
Suite 570
Marietta, Georgia 30062
770.998.2102

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FORSYTH COUNTY, GEORGIA
24CV-0012-3
Judge Philip C. Smith
JAN 04, 2024 03:52 PM
Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE SUPERIOR COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| CAMEKA WARE a/k/a<br>CAMEKA STREETER<br><br>Plaintiff,<br><br>v.<br><br>AARON DYE; WAL-MART STORES, INC.;<br>WAL-MART STORES EAST, LP<br>(DELAWARE); ABC CORP.s 1-3; and<br>JOHN DOES 1-3,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>FILE NO.:<br><br><br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS WAL-MART STORES, INC., AND WAL-MART STORES EAST, LP (DELAWARE)**

Pursuant to O.C.G.A. § 9-11-26 and 9-11-34, CAMEKA WARE submits the following Request for Production of Documents to Defendants WAL-MART STORES, INC., and WAL-MART STORES EAST, LP, the response to be served upon the undersigned attorney within the time required by law. Each of the following requests is continuing in the manner provided by law.

## I. DEFINITIONS

1. As used herein, Defendant, you, your, or its shall mean individually all Defendants listed in the above style, any and all predecessor entities of each Defendant, its attorneys and agents, and all persons acting or purporting to act on its behalf.

2. As used herein, Plaintiff shall mean Cameka Ware, her attorney and agents, and all persons acting or purporting to act on her behalf.

3. As used herein, person shall mean any individual, firm, partnership, joint venture, corporation, proprietorship, association, governmental body, or any other organization or entity.

4. As used herein, date shall mean the exact day, month, and year if ascertainable, or, if not, the best available approximation (including relationship to other events).

5. As used herein, data shall mean any document (as defined herein) or any oral communication of which Defendant has knowledge.

6. As used herein, the term communication, including its various forms such as Acommunicated with, refers to any exchange or transfer, known to Defendants, of information between two or more persons, whether written, oral, or in any other form.

7. As used herein, the terms each and any include both each and every whenever appropriate, the singular form of the word should be interpreted in plural and vice versa. And as well as or shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any information which might otherwise be construed to be outside of the scope.

8. As used herein, the term relate to, including its various forms such as relating to, shall mean: consist of, refer to, regard, reflect or be in any way logically or factually connected with the matter discussed.

9. As used herein, document shall mean, but without limitation, every writing or record of every type and description that is or has been in the possession, control, or custody of Defendants or of which Defendants have knowledge, including, without limitation, correspondence, memoranda, tapes, stenographic or handwritten notes, electronic records, e-mail, studies, publications, books, pamphlets, pictures, films, microfilms, microfiches, voice recordings, maps, reports, surveys, minutes, or statistical compilations, every copy of such writing or record where the original is not in the possession, custody, or control of Defendant, and every copy of

every such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

10. As used herein, documents relating to shall mean documents containing, evidencing, constituting, showing or relating or referring in any way, directly or indirectly, to, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

11. As used herein, identify, when used in reference to an individual, shall mean to state his or her full name, present or last known residence address, present or last known position or business affiliation (designating which), job title, employment address, and present or last known business and residence telephone numbers.

12. As used herein, identify, when used in reference to a firm, partnership, joint venture, corporation, proprietorship, association, or other organization or entity, shall mean to state its full name and present or last known address and telephone number.

13. As used herein, identify, when used in reference to documents, shall mean: (1) to state the name and date of the document, the date that document was prepared, the date that document was sent, the number of pages comprising that document, the name and address of the person originating the document, the name and address of the person, if any, to whom the document is addressed, the names and addresses of all persons to whom copies of the document were or have been sent, the firm or firms with which all such persons were connected, and a brief description of the subject matter of the document; and (b) to state whether or not you are in possession of the original, master or a copy of the document, and, if not in possession of the original, master, or a copy, furnish the name and address of the custodian of the original, master, or a copy. In lieu of identifying any document(s), you may make the document(s) available for

inspection and copying by so stating in your response to these Requests for Production of Documents.

14. As used herein, identify, when used in reference to an oral statement or communication, shall mean to state the date, the subject matter, the persons initiating and receiving the communication, the nature of the communication, whether it was recorded, and the identity of anyone who witnessed the communication.

15. As used herein, the term identify when used in reference to an act, event, or course of conduct, shall mean to provide the date and a complete description of the act, event, or course of conduct, and identify the person(s) who took part in the act, event, or conduct.

**Special Definition**

In answering these Interrogatories you are advised of the following definition:

a. "Incident" and "incident in question" refer to the incident which occurred on March 8, 2022, and which is more fully described with particularity in Plaintiff's Complaint.

## II. INSTRUCTIONS

1. If you object to part of a request and refuse to answer that part, state your specific objection(s) and answer the remaining portion of that request. If you object to the scope or time period of a request and refuse to answer for that scope or time period, state your specific objection(s) and answer the request for the scope or time period you believe is appropriate.

2. If any of the following requests cannot be answered in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions.

3. If your answer is qualified in any particular, please set forth the details of such

qualification.

4. With respect to each document that you contend is privileged or otherwise excludable from discovery, state the basis for the privilege or the ground for exclusion, the name and address of the author and addressee, the date, the general subject matter, the name and address of any recipient of copies of the document, the name and address of the person who now has the original and any copies of the document, the number of pages of such document, and the location of the files where the original and each copy are normally kept.

5. If you know of the existence, past or present, of any documents described or requested below, but are unable to produce such documents because they are not presently in your possession, custody or control, so state and identify such documents and the person who has possession, custody or control of such documents.

6. Where an identified document is destroyed or alleged to have been destroyed, state the reason for its destruction, identify each person having any knowledge of its destruction, and identify each person responsible for its destruction.

7. As to each document produced in response hereto, identify the request in response to which the document is being produced.

8. Responses to the requests for production of documents contained hereinafter shall be supplemented and amended as required by law.

## III. <u>REQUESTS FOR PRODUCTION</u>

1.

Please produce, as instructed above, each and every document and report relating to the subject incident, including each and every document and report that was prepared by you or on your behalf.

2.

Please produce, as instructed above, each and every photograph, video, diagram, sketch, transparency, and/or drawing of any person, party, vehicle, scene, or any other object or thing which relates to the incident that is the subject of the Complaint in this action.

3.

Please produce, as instructed above, each and every written or recorded statement made by any witness, party, employee or other person having relevant information or knowledge of any fact or circumstance in this action.

4.

Please produce, as instructed above, all medical records and bills in your possession that in any way reference Plaintiff.

5.

Please produce, as instructed above, all documents received from all non-party requests for production of documents sent in this case.

6.

Please produce, as instructed above, all documents and materials, including movies, videos, and photographs, relating to surveillance of Plaintiff Cameka Ware.

7.

Please produce, as instructed above, all surveillance tapes made of the subject location on the date of the subject incident.

8.

Please produce, as instructed above, each and every document relating to all reports, whether written or otherwise recorded, made by any expert who has been retained or otherwise

employed by you and who is expected to testify at trial.

9.

Please produce, as instructed above, a copy of each and every insurance agreement, contract, policy, or self-insurance plan under which creates liability to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including, but not limited to, any liability insurance or self-insurance policy covering you or the location at which the subject incident occurred.

10.

Please produce, as instructed above, copies of all declaration pages of every insurance or self-insurance policy identified by this Defendant in response to Plaintiff's Interrogatories, and a copy of any reservation of rights letter or instrument of any other kind which in any way purports to reserve the rights of any insurer to contest the issue of providing defense or coverage for the claims made in Plaintiff's Complaint.

11.

Please produce, as instructed above, each and every written statement and/or report which was made by any person who has investigated any aspect of this case.

12.

Please produce, as instructed above, each and every document of any kind in your possession, custody and/or control which refers to, relates to, confirms, or denies Plaintiff's claims for damages in this action.

13.

Please produce, as instructed above, each and every document of any kind in your possession, custody, and/or control which denies Plaintiff's claims that your negligence and/or the

negligence of your employees was a proximate cause of Plaintiff's injuries.

14.

Please produce, as instructed above, each and every document and item of correspondence, memoranda, and other written, printed, computerized, or other tangible material relating to injuries caused or allegedly caused by any condition of the subject location to any customer, agent, employee, tenant, invitee <u>or other person</u> from January 1, 2020, until the date of your responses to these Requests for Production of Documents.

15.

Please produce, as instructed above, each and every document in your possession, custody, and/or control relating to complaints made to you or anyone in your place of business by any customer, agent, employee, tenant, invitee or other person relating to the inspection and maintenance of the subject location from January 1, 2020 until the date of your responses to these Requests for Production of Documents.

16.

Please produce, as instructed above, all correspondence sent to and received from any physician or other health care worker that has seen or treated Plaintiff.

17.

Please produce, as instructed above, all accident or incident reporting forms prepared by you relating to the subject incident, whether or not submitted to any agency.

18.

Please produce, as instructed above, all pictures of the subject, specific location before and after Plaintiff's incident.

19.

Please produce, as instructed above, each and every document relating to any training materials, courses, classes, videos, seminars, or any other type of sessions in which your employees were instructed on how to inspect or maintain the premises of the subject location.

20.

Please produce, as instructed above, each and every safety meeting or similar record or related documents from ninety (90) days prior up to the time of your response to this request.

21.

Please produce, as instructed above, each and every document relating to any fact or circumstance that supports, contradicts, or evidences your defenses against Plaintiff's claim.

22.

Please produce, as instructed above, each and every incorporation document relating to every person or entity that had any responsibility for the safety and maintenance of the Wal-Mart premises located at 2510 Redmond Circle NW, Rome, Georgia 30165.

23.

Please produce, as instructed above, copies of all records concerning telephone calls or correspondence to and/or from Plaintiff regarding her subject injury, responsive to Interrogatory No. 26.

24.

Please produce, as instructed above, each and every document in your possession, custody, and/or control which denies Plaintiff's injuries were the result of your negligence.

25.

Please produce, as instructed above, each and every document in your possession, custody,

and/or control which denies or confirms Plaintiff's claim that you are responsible for the flooring mat/rug at issue in this case, that Plaintiff claims caused her injuries.

26.

Please produce, as instructed above, each and every document sent to and received by any representative of Defendant pursuant to any request for information or any non-party request for production of documents.

27.

Please produce, as instructed above, any documentation responsive to Interrogatories No. 29 and 31 related to the on-site manager and the management company which was responsible for the management of the subject property on or about March 8, 2022.

28.

Please produce, as instructed above, all documentation which purports to allocate or assign responsibility for the safety of the subject premises where Plaintiff was injured on March 8, 2022.

29.

Please produce, as instructed above, all accident or incident reporting forms prepared by you relating to the subject incident, whether or not submitted to any agency.

For the subject location, please produce the following documents:

a) Inspection Reports or similar documents for January 1, 2020 through the date of your responses;

b) Maintenance and/or service repair records or similar documents for January 1, 2020 through the date of your responses.

30.

Please produce, as instructed above, each and every document relating to any training

materials, courses, classes, videos, seminars, or any other type of sessions in which your employees were instructed on how to inspect or maintain the premises of the subject location.

31.

Please produce, as instructed above, each and every document of any kind identified, reviewed or referenced in propounding your responses to Plaintiff's First Interrogatories to Defendants.

This ____ day of January, 2024.

Respectfully submitted,

Steven M. Barnett
Georgia Bar No.: 039256
*Attorney for Plaintiff,*
*Cameka Ware*

Law Offices of Steven M. Barnett, P.C.
4343 Shallowford Road
Suite 570
Marietta, Georgia 30062
770.998.2102

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
FORSYTH COUNTY, GEORGIA
24CV-0012-3
Judge Philip C. Smith
JAN 04, 2024 03:52 PM
Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE SUPERIOR COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| CAMEKA WARE a/k/a<br>CAMEKA STREETER<br><br>Plaintiff,<br><br>v.<br><br>AARON DYE; WAL-MART STORES, INC.;<br>WAL-MART STORES EAST, LP<br>(DELAWARE); ABC CORP.s 1-3; and<br>JOHN DOES 1-3,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>FILE NO.:<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**<u>PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO WAL-MART STORES, INC., AND WAL-MART STORES EAST, LP (DELAWARE)</u>**

**COMES NOW** Plaintiff in the above-styled action and serves these Requests for Admission upon Wal-Mart Stores, Inc., and Wal-Mart Stores East, LP (Delaware), as an opposite party, and requests that they be fully answered in writing and under oath within forty-five (45) days of the date of service. These Requests are served pursuant to the Georgia Civil Practice Act and more specifically to the provisions of O.C.G.A. §§ 9-11-26 and 9-11-33.

<u>EACH REQUEST FOR ADMISSION SHALL BE DEEMED ADMITTED UNLESS, WITHIN THE TIME ALLOWED BY LAW AFTER SERVICE OF THESE REQUESTS, YOU SERVE PLAINTIFFS WITH A WRITTEN ANSWER OR OBJECTION TO SUCH MATTER</u>.

You are cautioned that should you fail to admit the genuineness of any document, or the truth of any matter requested herein pursuant to the Georgia Civil Practice Act, and should Plaintiff thereafter prove the genuineness of such document or truth of such matter, Plaintiff will apply to the Court for an order requiring you to pay Plaintiff the reasonable expenses incurred by Plaintiff

in making that proof, including reasonable attorney fees. The Court must make such order unless it finds that the request was objectionable pursuant to the Georgia Civil Practice Act, or that the admission sought was of no substantial importance or that you had reasonable grounds to believe that you might prevail on the matter, or that there was some other good reason for failure to admit the matter.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that is in your possession, control, custody and knowledge which refers to or was prepared before, during, and after the incident or search defined below, including but not limited to, correspondence, emails, memoranda of agreements, assignments, minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks (or check stubs or records), vouchers, purchase orders, reports, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including computer disks or files or printouts, floppy or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, voice recordings; and every copy of such writing or record when such copy contains any commentary or notation whatsoever that does not appear on the original.

2. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3. (a) "**<u>Identify</u>**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address and business telephone number of such person, and a description of each such person's connection with the events in question.

(b) "**<u>Identify</u>**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4. "**<u>Defendant</u>**" or "**<u>you</u>**" or "**<u>your</u>**" or "**<u>WAL-MART</u>**" means Wal-Mart Stores, Inc.; and Wal-Mart Stores East, LP (Delaware), including all of its or their operating divisions, subsidiaries and affiliates, both domestic and foreign, and any of its or their agents, employees, representatives or attorneys.

5. "**<u>Incident</u>**" means the incident that occurred when Plaintiff tripped on the floor mat/rug at the entrance to the Wal-Mart #658 located at 2510 Redmond Circle NW, Rome, Georgia 30165, on March 8, 2022.

**<u>REQUESTS TO ADMIT</u>**

The matters we request you admit are the following:

1.

Wal-Mart destroyed the video footage from March 8, 2022 which showed the location of Plaintiff's fall on March 8, 2022.

2.

Wal-Mart ordered the destruction of the video footage from March 8, 2022 which showed the location of Plaintiff's fall on March 8, 2022.

3.

Wal-Mart caused the video footage from March 8, 2022, which showed the location of Plaintiff's fall on March 8, 2022, to be destroyed.

4.

Wal-Mart received a letter dated April 18, 2022 from the Law Offices of Steven M. Barnett, P.C. demanding that all video and photographs taken on March 8, 2022 at store #658 be preserved.

5.

Wal-Mart destroyed the video footage of the location of Plaintiff's fall on March 8, 2022 after it had received the April 18, 2022 letter from the Law Offices of Steven M. Barnett, P.C.

6.

Wal-Mart destroyed all photographs of the location of Plaintiff's fall taken on March 8, 2022 after it had received the April 18, 2022 letter from the Law Offices of Steven M. Barnett, P.C.

7.

Wal-Mart has a corporate policy to preserve video footage of injuries on its property for at least 30 days following such an incident.

8.

Wal-Mart has a corporate policy to preserve video footage of injuries on its property following such an incident when requested to do so by an attorney.

9.

Wal-Mart had exclusive control over the video footage of Plaintiff's March 8, 2022 fall at store #658.

10.

Wal-Mart did not relinquish control to a third party of the video footage inside Store #658 on March 8, 2022.

11.

Wal-Mart understands the importance of preserving the video evidence of injuries on its property.

12.

On March 8, 2022, Wal-Mart knew that Cameka Ware fell inside store #658.

13.

On March 8, 2022, Wal-Mart knew that Cameka Ware was taken from store #658 by ambulance.

14.

On March 8, 2022, Wal-Mart knew that Cameka Ware was taken from store #658 by ambulance because of the fall on March 8, 2022.

15.

On March 8, 2022, Wal-Mart knew that Cameka Ware was injured after having fallen inside store #658.

16.

Wal-Mart Stores, Inc. is a proper party to this action.

17.

Wal-Mart Stores, Inc. owned the Wal-Mart location at issue in this case.

18.

Wal-Mart Stores, Inc. was responsible for the safety and maintenance of the Wal-Mart location at issue in this case.

19.

On or about March 8, 2022, Aaron Dye was the store manager for the Wal-Mart location at issue in this case.

20.

On March 8, 2022 at all times relevant, absolutely nothing was wrong with the rug that Plaintiff claims caused her fall on March 8, 2022.

21.

After Plaintiff's March 8, 2022 incident, Defendants did a thorough investigation into the circumstances and details of Plaintiff's fall.

22.

Defendants' investigation into Plaintiff's March 8, 2022 incident revealed that the rug at issue was not laying 100% properly on the floor immediately prior to Plaintiff's fall.

23.

Employees of Wal-Mart Stores, Inc. and Wal-Mart Stores East, LP (Delaware) were present at or near the location of Plaintiff's fall within the hour before Plaintiff's fall.

24.

Wal-Mart Stores East, LP (Delaware) is a proper party to this action.

25.

Wal-Mart Stores East, LP (Delaware) owned the Wal-Mart location at issue in this case.

26.

Wal-Mart Stores East, LP (Delaware) was responsible for the safety and maintenance of the Wal-Mart location at issue in this case.

27.

Wal-Mart Stores East, LP (Delaware) has been properly served in this action.

28.

Wal-Mart Stores, Inc. has been properly served in this action.

29.

Defendants are not aware of any other necessary parties to this action.

30.

All proper parties to this action are included in the style of this case.

This ____ day of January, 2024.

Steven M. Barnett
Georgia Bar No. 039256
Attorney for Plaintiff
Cameka Ware

Law Offices of Steven M. Barnett, P.C.
4343 Shallowford Road
Suite 570
Marietta, Georgia 30062
(770) 998.2102

IN THE SUPERIOR COURT OF FORSYTH COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CAMEKA WARE a/k/a CAMEKA STREETER,<br><br>Plaintiff,<br>v.<br><br>AARON DYE; WAL-MART STORES, INC.;<br>WAL-MART STORES EAST, LP (DELAWARE;,<br>ABC CORPS. 1-3, AND JOHN DOES 1-3,<br><br>Defendants.<br>_______________________________________/ | Civil Action File No.<br>24CV-0012-3 |

ANSWER OF DEFENDANTS AARON DYE,
WAL-MART STORES, INC. AND WAL-MART STORES EAST, LP

COME NOW, Defendants AARON DYE (erroneously named); WAL-MART STORES, INC. and WAL-MART STORES EAST, LP and make this Answer to Plaintiff's Complaint as follows:

FIRST DEFENSE

Aaron Dye is not a proper Defendant.

SECOND DEFENSE

Jurisdiction is not proper as to Aaron Dye.

THIRD DEFENSE

Venue is not proper as to Aaron Dye.

FOURTH DEFENSE

Plaintiff's claims are barred by insufficiency of service and process as to Aaron Dye.

FIFTH DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

SIXTH DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

SEVENTH DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendants.

EIGHTH DEFENSE

Defendants deny that they were negligent in any manner whatsoever or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

NINTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby

barred from recovering against Defendants.

TENTH DEFENSE

Defendants respond to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2.

Defendants deny the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

Defendants deny the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendants deny the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendants deny the allegations contained in paragraph 5 of Plaintiff's Complaint. Venue is now proper in the United States District Court, Northern

District of Georgia, Gainesville Division.

6.

Defendants deny the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendants deny the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendants deny the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.

Defendants deny the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendants deny the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendants deny the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendants deny the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

Defendants deny the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15.

Defendants deny the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16.

Defendants deny the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendants deny the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendants admit only that Wal-Mart Stores East, LP operated the subject store. Defendants deny the remaining allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

Defendants deny the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.

Defendants deny the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21.

Defendants deny the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendants deny the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23.

Defendants deny the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24.

Defendants deny the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

26.

Defendant denies Plaintiff's prayer for relief, including subparagraphs (a), (b), (c), (d), (e) and (f) thereof.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff. DEFENDANTS DEMAND TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.

/s/ Ashley A. Bagiatis
Ashley A. Bagiatis
Georgia Bar No. 141360
Attorneys for Defendants
AARON DYE
WAL-MART STORES, INC.
WAL-MART STORES EAST, LP

3445 Peachtree Road NE
Suite 500
Atlanta GA 30326

(404) 266-9171
(404) 364-3138 (fax)
aabagiatis@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANTS has this day been filed and served upon opposing counsel via Peachcourt eFile.

This the ___2nd___ day of February, 2024.

McLAIN & MERRITT, P.C.

/s/ Ashley A. Bagiatis
Ashley A. Bagiatis
Georgia Bar No. 141360
Attorneys for Defendants
AARON DYE
WAL-MART STORES, INC.
WAL-MART STORES EAST, LP

3445 Peachtree Road NE
Suite 500
Atlanta GA 30326
(404) 266-9171
(404) 364-3138 (fax)
aabagiatis@mmatllaw.com

IN THE SUPERIOR COURT OF FORSYTH COUNTY
STATE OF GEORGIA

CAMEKA WARE a/k/a CAMEKA STREETER,

Plaintiff,

v.

AARON DYE; WAL-MART STORES, INC.;
WAL-MART STORES EAST, LP (DELAWARE;,
ABC CORPS. 1-3, AND JOHN DOES 1-3,

Defendants.

______________________________/

Civil Action File No.
24CV-0012-3

**12-PERSON JURY DEMAND**

COME NOW Defendants, AARON DYE, WAL-MART STORES, INC. and WAL-MART STORES EAST, LP and demand a trial by a jury of twelve (12) persons.

McLAIN & MERRITT, P.C.

/s/ Ashley A. Bagiatis
Ashley A. Bagiatis
Georgia Bar No. 141360
Attorneys for Defendants
AARON DYE
WAL-MART STORES, INC.
WAL-MART STORES EAST, LP

3445 Peachtree Road NE
Suite 500
Atlanta GA 30326
(404) 266-9171
(404) 364-3138 (fax)
aabagiatis@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **12-PERSON JURY DEMAND** has this day been filed and served upon opposing counsel via Peachcourt E-File.

This the 2nd day of February, 2024.

McLAIN & MERRITT, P.C.

/s/ Ashley A. Bagiatis
Ashley A. Bagiatis
Georgia Bar No. 141360
Attorneys for Defendants
AARON DYE
WAL-MART STORES, INC.
WAL-MART STORES EAST, LP

3445 Peachtree Road NE
Suite 500
Atlanta GA 30326
(404) 266-9171
(404) 364-3138 (fax)
aabagiatis@mmatllaw.com